IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ZACHARY STANLEY, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> KEYME, INC., and KEYME LLC <br><br> Defendants. | Case No. _____ |

## CLASS ACTION COMPLAINT

Comes now Zachary Stanley, ("Plaintiff") on behalf of himself and all others similarly situated and alleges as follows:

### INTRODUCTION

1. Plaintiff Zachary Stanley brings this action individually and on behalf of all others similarly situated against KeyMe, Inc., and KeyMe LLC, ("Defendants"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., (the "ADA") and its implementing regulations.

2. Plaintiff is a blind individual.[1] He brings this civil rights class action against Defendants for failing to design, construct, own, operate and/or control key duplication kiosks ("Kiosks") at tens of thousands of locations throughout the United States that are fully accessible to, and independently usable by, blind people.

---

[1] Plaintiff uses the term "blind" to refer to all persons with visual impairments who meet the legal definition of blindness: visual acuity with correction of less than or equal to 20 x 200.

3. The Kiosks are not fully accessible and independently usable by the blind and visually impaired because they have touch screen surfaces which rely upon visual interfaces that are not discernible to individuals who are blind or visually impaired.

4. Because a blind or visually impaired individual cannot discern the visual cues displayed on the Kiosk controls, they cannot independently browse, select and pay for duplicated keys at Kiosks, and instead must rely upon sighted companions or strangers to assist them. Further, the blind or visually impaired consumer must divulge personal information, including their zip codes, to sighted companions or strangers in order to complete a transaction at the Kiosks.

5. Defendants' use of visual interfaces at their Kiosks discriminates against blind and visually impaired consumers in violation of the ADA.[2]

6. Technology that would make the Kiosks accessible to and independently usable by the blind and visually impaired is readily available.

7. On behalf of a class of similarly situated individuals, Plaintiff seeks a declaration that the Kiosks violate federal law as described and an injunction requiring Defendants to update or replace all Kiosks that are in violation of the mandatory requirements of the ADA so that they are fully accessible to, and independently usable by, blind or visually impaired individuals.

**THE ADA AND ITS IMPLEMENTING REGULATIONS**

8. On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

---

[2] The United States Department of Justice ("DOJ") has explained why a public accommodation's use of devices that rely solely upon visual interfaces can be discriminatory against the blind and visually impaired in violation of the ADA. See Statement of Interest filed by the DOJ in New v. Lucky Brand Dungarees Stores, Inc., 14-CV-20574, United States District Court, Southern District of Florida, April 10, 2014, attached as Exhibit 1.

9. The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

10. Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181-89.

11. Defendants own, operate, control and/or lease places of public accommodation.

12. Defendants' Kiosks are not fully accessible to, and independently usable by, blind individuals.

13. While Defendants have centralized management policies regarding the Kiosks, those policies are inadequate, and Defendants' Kiosks continue to be inaccessible to, and not independently usable by, visually impaired individuals.

## JURISDICTION AND VENUE

14. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12188.

15. Plaintiff's claims asserted herein arose in this judicial district and Defendants does substantial business in this judicial district.

16. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

17. Plaintiff, Zachary Stanley, is and, at all times relevant hereto, has been a resident of the state of Tennessee, residing within the Western District of Tennessee. Plaintiff is and, at all times relevant hereto, has been legally blind and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq.

18. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Plaintiff's motivation is to return to a location, in part, stems from a desire to utilize ADA litigation to make his home community more accessible for Plaintiff and others. Plaintiff pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on the Subject Property.

19. On information and belief, Defendant KeyMe, Inc. ("KeyMe") is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 247 West 36th Street, Floor 2, New York, New York 10018.

20. On information and belief, Defendant KeyMe LLC is a limited liability company organized and existing under the laws of Delaware that maintains its principal place of business at 5 Penn Plaza, New York, New York 10001 and is the successor to Defendant KeyMe, Inc.

21. Defendants are public accommodations pursuant to 42 U.S.C. § 12181(7)(F).

22. On information and belief, Defendants provide self-service key duplication kiosks to the retail industry and regularly conduct business throughout the United States, including within this judicial district, by placing these kiosks in retail locations. On information and belief,

Defendants derive revenue from the sale of the keys duplicated in the Defendants' kiosks to consumers.

23. Upon information and belief, Defendants operate the Kiosks jointly and are therefore jointly and severally liable for the ADA violations at issue.

## VIOLATIONS AT ISSUE

24. On December 28, 2020, Plaintiff visited a KeyMe Kiosk inside a Kroger Store located at 3680 Austin Peay Highway, Memphis, Tennessee, 38118. Plaintiff is a regular customer at this store.

25. The Subject Property is less than twenty (20) miles from the Plaintiff's home. It is located on Tennessee State Route 14 that is a major throughfare in Memphis and the surrounding area.

26. Plaintiff has visited the Subject Property at least once as a patron and advocate for the disabled. Plaintiff intends on revisiting the Subject Property within six months of the filing of this Complaint or sooner, as soon as the barriers to access detailed in this Complaint are removed. The purpose of the revisit is to be a regular patron, to determine if and when the Subject Property is made accessible, and to maintain standing for this lawsuit for Advocacy Purposes

27. Plaintiff attempted to operate a KeyMe Kiosk located inside the Kroger Store but was unable to make the purchase independently because, at the time of the visit, Defendants' Kiosk was not fully accessible to, and independently usable by, blind and visually impaired individuals, as above described.

28. Based upon an investigation performed on Plaintiff's behalf, Plaintiff alleges that most or all of Defendants' KeyMe Kiosks are similarly not independently usable by the blind or visually impaired.

29. Defendants do not provide any auxiliary aids or services calculated to make their Kiosks fully accessible to, and independently usable by, blind people.

30. As a result of Defendant's non-compliance with the ADA, Plaintiff and the Class, unlike persons without visual impairments, cannot independently engage in a transaction at the Kiosks.

31. Plaintiff has actual knowledge of the fact that the Kiosks lack the elements required to make them fully accessible to, and independently usable by, blind people.

32. As a blind individual, Plaintiff has a keen interest in whether public accommodations that offer goods and services through kiosks are fully accessible to, and independently usable by, the blind.

33. Plaintiff intends to return to the Kroger store to shop and to ascertain whether the Kiosks remain in violation of the ADA.

34. Without injunctive relief, Plaintiff will continue to be unable to independently use the Kiosks in violation of his rights under the ADA.

## CLASS ALLEGATIONS

35. Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of all legally blind individuals who have attempted, or will attempt, to use KeyMe Kiosks at all locations throughout the United States.

36. <u>Numerosity</u>:  The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

37. <u>Common Questions of Fact and Law</u>: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendants' facilities and/or services due to Defendants' failure to make their Kiosks fully accessible and independently usable as above described.

38. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the class. The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

39. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

40. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

**SUBSTANTIVE VIOLATION**

41. The allegations contained in the previous paragraphs are incorporated by reference.

42. Defendants have discriminated against Plaintiff and the Class in that it has failed to make their Kiosks fully accessible to, and independently usable by, individuals who are blind in violation of 42 U.S.C. § 12182(a) as described above.

43. Defendants have discriminated against Plaintiff and the Class in that it has failed to provide auxiliary aids and services calculated to make their Kiosks fully accessible to, and independently usable by, individuals who are blind in violation of 42 U.S.C. § 12101, 12102(2) and 28 C.F.R. § 36.101 et seq. Providing the auxiliary aids and services mandated by the ADA would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

44. Defendants' conduct is ongoing, and, given that Defendants have not complied with the ADA's requirements that public accommodations make their Kiosks fully accessible to, and independently usable by, blind individuals, Plaintiff invokes his statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of the class, prays for:

a. A Declaratory Judgment that at the commencement of this action Defendants were in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendants took no action that was reasonably calculated to ensure that all of their Kiosks were fully accessible to, and independently usable by, blind individuals;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendants to take all steps necessary to bring their Kiosks into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the Kiosks are fully accessible to, and independently usable by, blind individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined by the Court to ensure that Defendants have adopted and are following an institutional policy that will in fact cause Defendants to remain fully in compliance with the law;

c. An Order certifying the class proposed by Plaintiff, and naming Plaintiff as a class representative and appointing his counsel as class counsel;

d. Payment of costs of suit;

e. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

      f.      The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated: January 7, 2021

          Respectfully Submitted,

          By: */s/ J. Luke Sanderson*
          J. Luke Sanderson, Esq.
          Counsel for Plaintiff
          Tennessee BPR: 35712

Of Counsel:
Wampler, Carroll, Wilson & Sanderson, P.C.
44 N. 2nd Street, Suite 500-502
Memphis, TN 38103
Phone: (901) 523-1844
Email: luke@wcwslaw.com